## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ABDULHAKIM HABIBULLAH, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-1558-M-BK |
| | § | |
| CHIEF OF DALLAS | § | |
| POLICE DEPT, ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the United States magistrate judge for case management, including findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

### I.    BACKGROUND

On June 27, 2019, Habibullah filed a *pro se* complaint on the prisoner's civil rights complaint form against the Chief of the Dallas Police Department and the Chief of the Dallas Area Rapid Transit Police Department. Doc. 3 at 1, 3; Doc. 6 at 5. Habibullah, who apparently is homeless, complains that Defendants refused "to protect and keep him from being stalked, followed and cased by gang members." Doc. 3 at 3. He avers:

> Plaintiff arrived in Dallas, Texas, on 3/13/19 and did make contact with Chief of Police Office concerning 2 murder for hire contract that's been placed against Plaintiff life. Plaintiff made Chief of Police office aware that gang members is in fact stalking, casing and following him for the sole purpose of murdering him for the monies that's been put up by drug kin-pins to have him murdered. Plaintiff also have several pictures of those gang members whose been following him in his google account.

Doc. 3 at 4 (misspelling and grammatical errors in original).

Habibullah also asserts that his "life is in serious danger" and further alleges:

> On 4-16-19, SVC #CF5-2019-060237 was riding on public transportation bus #11 coming down Maclom X Street when three vehicles smashed into back of bus! Thomas Law Office was defending Plaintiff when trying to obtained records to above case # they were blocked by Dallas Area Rapid Transit as well as Plaintiff when trying to make an attempt to get records for all parties involved.

Doc. 3 at 5 (misspelling and grammatical errors in original)

Liberally construed, Habibullah's complaint seeks an investigation into the foregoing allegations. Doc. 3 at 4. Habibullah also requests "all records of parties that was [sic] involved and any other relief that this court see fit."" Doc. 3 at 5.

Additionally, on July 5, 2019, Habibullah filed pleading titled, *Motion for Immediate Action*, in which he asserts:

> On 7/4/19, I was being following by a person whom I notice followed Plaintiff last week to Arlington Tx as well as several other individuals whom was waiting on me to try and perform a physical acted against my life for the murder for hire contract. Let the record reflect Im constantly under watch by Dallas Tx gang members whom are trying to murder me!

> Can this Court issue an order having agents investigate?

Doc. 7 (misspelling and grammatical errors in original).[1]

## II.    ANALYSIS

Because Habibullah is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of

---

[1]Habibullah lists as his mailing address the address for the Stewpot, a homeless shelter. The order and instructions mailed to that address were returned to sender and he has not provided a new address. Doc. 10; Doc. 9. However, he did timely respond to the Court's deficiency order. Doc. 7.

a complaint that the Court finds: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible."  *Id.* at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most deferential view, Habibullah's complaint is legally and factually frivolous.  As is clear on the face of Habibullah's pleadings, recounted herein, Habibullah presents no legal authority in support of the claims he asserts, and his factual contentions are clearly baseless and woefully inadequate to support any legally cognizable claim.  *See Denton*, 504 U.S. at 33.

## III.    LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Habibullah's claims are fatally infirm.  Moreover, considering the fanciful nature of the facts he has pled, there is virtually no possibility that Habibullah can succeed on any legally cognizable

claim.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998)

(noting that dismissal with prejudice is appropriate if it appears that no relief can be granted

under any set of facts that could be proven consistent with the plaintiff's allegations).  Thus, the

Court concludes that granting leave to amend under these circumstances would be futile and

cause needless delay.

### IV.    CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** as

frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on  September 3, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by
law.  Any party who objects to any part of this report and recommendation must file specific
written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED.
R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which
objection is made, state the basis for the objection, and indicate the place in the magistrate judge's
report and recommendation where the disputed determination is found.  An objection that merely
incorporates by reference or refers to the briefing before the magistrate judge is not specific.
Failure to file specific written objections will bar the aggrieved party from appealing the factual
findings and legal conclusions of the magistrate judge that are accepted or adopted by the district
court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79
F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1)
(extending the time to file objections to 14 days).